# United States District Court

**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

PRODUCE SOURCE PARTNERS, INC.    §
                                 §
v.                               §
                                 §    CIVIL ACTION NO. 3:25-CV-1451-S
7-ELEVEN, INC., JOSEPH M. DEPINTO, §
DAVID SELTZER, and STANLEY       §
REYNOLDS                         §

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendants 7-Eleven, Inc., Joseph M. DePinto, David Seltzer, and Stanley Reynolds's Motion to Dismiss the Complaint ("Motion") [ECF No. 11]. The Court has reviewed the Motion, Defendants' Brief in Support of the Motion ("Defendants' Brief") [ECF No. 12], Plaintiff Produce Source Partners, Inc.'s Response to the Motion [ECF No. 27], Defendants' Reply in Support of the Motion [ECF No. 31], and the applicable law. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I. BACKGROUND

Plaintiff Produce Source Partners, Inc., filed this lawsuit after Defendant 7-Eleven, Inc., allegedly failed to pay for produce delivered by Plaintiff. Plaintiff is "engaged in the business of buying and selling wholesale quantities of fresh fruits and vegetables." Compl. [ECF No. 1] ¶ 6. 7-Eleven, a company operating both retail stores and Central Distribution Centers ("CDCs"), buys wholesale quantities of produce. *Id.* ¶ 7. Defendants Joseph M. DePinto, David Seltzer, and Stanley Reynolds (collectively, "Individual Defendants") were 7-Eleven's Chief Executive Officer, Executive Vice President and Chief Financial Officer, and President, respectively, during the time period relevant to this lawsuit. *Id.* ¶¶ 8, 11, 15.

Plaintiff claims that throughout 2023, 7-Eleven issued purchase orders to Plaintiff for produce and other goods. *Id.* ¶ 38. 7-Eleven requested that the items be delivered to 11 of its CDCs. *Id.* Plaintiff allegedly delivered the produce and other goods as requested and issued invoices to 7-Eleven for each purchase order. *Id.* ¶¶ 40, 42. Plaintiff delivered the invoices to 7-Eleven when it delivered the items, and Plaintiff claims that "[a] representative of 7-Eleven signed the [invoices] when received." *Id.* ¶¶ 43-44. According to Plaintiff, the total value of the produce and other goods ordered by 7-Eleven in 2023 was $21,609,071.77. *Id.* ¶ 39. 7-Eleven paid Plaintiff $20,843,679.30 in the form of lump sum payments. *Id.* ¶ 45. Plaintiff first applied the payments to outstanding amounts due from 2022 and then applied the remainder to the 2023 invoices. *Id.* ¶¶ 37, 47-48. Plaintiff claims that after doing so, it determined that 7-Eleven still owed it $3,177,164.53. *Id.* ¶ 49. Of this debt, $842,890.80 allegedly is owed for "[p]roduce sold to and accepted by 7-Eleven." *Id.* ¶ 50.

As a result of the foregoing, Plaintiff brought suit against Defendants in the United States District Court for the Eastern District of Virginia. *See Produce Source Partners, Inc. v. 7-Eleven, Inc.*, No. 3:24-CV-55, 2025 WL 594295 (E.D. Va. Feb. 24, 2025). Plaintiff sued 7-Eleven for violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., breach of contract, and unjust enrichment. *Produce Source Partners, Inc.*, 2025 WL 594295, at *3. Plaintiff sued each of the Individual Defendants for breach of fiduciary duty. *Id.*

Defendants moved to dismiss the case for lack of personal jurisdiction over the Individual Defendants and for failure to state a claim against all Defendants. *Id.* at *5. Alternatively, Defendants requested that the court transfer the case to the Northern District of Texas. *Id.* The court dismissed the federal causes of action against 7-Eleven for failure to state a claim, dismissed the state law causes of action against 7-Eleven because the court declined to exercise supplemental

2

jurisdiction, and dismissed the causes of action against the Individual Defendants for lack of personal jurisdiction. *Id.* at *1, *9.

Plaintiff moved for leave to amend in its response to the motion to dismiss. *Id.* at *10. The court denied Plaintiff's request as procedurally improper and dismissed the case without prejudice. *Id.* at *10-11. The court then issued a separate order summarizing its rulings and again stating that Plaintiff's complaint was dismissed without prejudice. Order at 1, *Produce Source Partners, Inc. v. 7-Eleven, Inc.*, No. 3:24-CV-0055 (E.D. Va. Feb. 24, 2025), Dkt. No. 34 ("EDVA Order"). The court clarified that because it did not "grant leave to amend at this time," the order was "final and appealable." *Id.* (citing *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022)).

A few months later, Plaintiff refiled its lawsuit in this Court. Plaintiff asserts all the same claims, except that it substitutes a claim for interest and attorney's fees in place of its prior unjust enrichment claim. *See* Compl. ¶¶ 60-133. Defendants again moved to dismiss all of Plaintiff's claims.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citation omitted). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780

3

(5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). It only determines whether the plaintiff has stated a claim upon which relief can be granted. *See id.*

### III. ANALYSIS

According to Defendants, res judicata bars Plaintiff's claims against 7-Eleven because the federal claims were adjudicated in the Eastern District of Virginia and the state law claims could have been, and were, advanced in the prior proceeding. Defs.' Br. 6-10. Further, Defendants argue that Plaintiff's PACA, breach of contract, and breach of fiduciary duty causes of action are subject to dismissal for failure to state a claim. *Id.* at 10-19. Finally, Defendants argue that Plaintiff's claim for attorney's fees and interest is a remedy, not an independent cause of action. *Id.* at 20. The Court takes each argument in turn.

### A. Res Judicata

Res judicata bars litigation of claims that were litigated or should have been raised in an earlier lawsuit. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). Because the prior judgment at issue in this case was rendered by a federal court, federal preclusion law applies. *See Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) ("The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." (citation omitted)). Under federal law, res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction;

4

(3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Id.* (citation omitted).

The parties only dispute the third element—whether the prior case was concluded by a final judgment on the merits. The Eastern District of Virginia's decision was indisputably final, as the court denied leave to amend and stated that "this order is final and appealable." EDVA Order 1. Therefore, the only question remaining is whether the judgment was on the merits.

"[D]ismissals without prejudice are not typically considered decisions on the merits." *Pie Dev., L.L.C. v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 662 (5th Cir. 2025) (citing, among other sources, *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001)); *see also Hammervold v. Blank*, 3 F.4th 803, 810 (5th Cir. 2021) ("Because that dismissal was without prejudice, it is without res judicata effect." (citation omitted)). Nonetheless, Defendants argue that the Eastern District of Virginia's ruling was a judgment on the merits for three reasons: (1) Plaintiff did not amend its complaint or appeal; (2) the denial of a motion for leave to amend is considered a final judgment on the merits; and (3) the procedure followed by the Eastern District of Virginia in issuing its final order signals that the decision was on the merits. Defs.' Br. 7-9.

The Court turns first to Defendants' argument that res judicata bars this action because Plaintiff did not amend its complaint in the Eastern District of Virginia or appeal. The Fifth Circuit in *Pie Development* established an exception to the general rule that dismissals without prejudice are not decisions on the merits for res judicata purposes. "When a prior action is dismissed without prejudice and the plaintiff, declining the opportunity to amend the complaint, appeals, the dismissal without prejudice converts to a dismissal *with* prejudice[.]" 128 F.4th at 662-63. Here, Plaintiff did not decline the opportunity to amend its complaint. Instead, Plaintiff's case was dismissed, in part, for lack of jurisdiction, and Plaintiff was not given leave to amend. Plaintiff

5

refiled the case in this Court, where the Individual Defendants are subject to personal jurisdiction. Therefore, unlike the plaintiff in *Pie Development*, Plaintiff did not "[sleep] on [its] rights" to receive a ruling on the merits of its claims. *Id.* at 663 (second alteration in original) (citation omitted). The holding in *Pie Development* does not apply to this case, and the Court declines to extend it to this unique situation.

The Court next considers Defendants' argument that denials of leave to amend are considered judgments on the merits. Defs.' Br. 8; *see also Cambridge Toxicology v. Exnicios*, No. 02-1469, 2005 WL 8173876, at *3 (E.D. La. Jan. 10, 2005) ("[D]enial of a motion for leave to amend has been considered a final judgment on the merits for the purposes of res judicata." (citation omitted)). But the cases cited by Defendants are distinguishable because they involve the plaintiff's "tardiness" or "dilatoriness." *Cambridge Toxicology*, 2005 WL 8173876, at *3 ("In the Fifth Circuit, . . . where the plaintiff's action, such as tardiness, results in the plaintiff being unable to pursue his or her claim in the original action, res judicata precludes the successive action." (citation omitted)); *Nilsen v. City of Moss Point*, 701 F.2d 556, 563-64 (5th Cir. 1983). The cases on which Defendants rely—most of which are not binding on this Court—do not support the proposition that the mere denial of leave to amend, without more, converts a dismissal without prejudice into a decision on the merits.

Finally, the Court analyzes Defendants' third argument regarding the procedure followed by the Eastern District of Virginia in dismissing the case. As Defendants note, pursuant to *Britt*, 45 F.4th 790, the court issued "a separate document to accompany an order of dismissal intended to be a final judgment." Defs.' Br. 9 (citation omitted). This argument further confirms that the Eastern District of Virginia's judgment was final but does not render it a decision on the merits.

*See, e.g., Britt*, 45 F.4th at 796 ("Any and all intent regarding finality *vel non* is communicated through the presence or lack of permission to amend the complaint[.]").

"Res judicata applies when litigants have either failed to persuade a tribunal of the merit of their claims or have slept on their rights." *Pie Dev.*, 128 F.4th at 663 (cleaned up). Because the Eastern District of Virginia dismissed Plaintiff's claims without prejudice and denied leave to amend on procedural grounds, it is not clear that Plaintiff failed to persuade that court of the merit of its claims. And because Plaintiff—left without the option of amending its complaint—instead refiled its claims in this Court, Plaintiff did not sleep on its rights. Therefore, the Court denies Defendants' request to dismiss the case on the basis of res judicata.

### B. Failure to State a Claim

Applying the facial plausibility jurisprudence of *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662, and accepting all well-pleaded facts as true and viewing them in the light most favorable to Plaintiff, the Court concludes that Plaintiff has adequately alleged claims for PACA violations, breach of contract, and breach of fiduciary duty. The Court denies the Motion as to these claims.

### C. Attorney's Fees and Interest

The Court reaches a different conclusion with respect to Plaintiff's seventh cause of action, which seeks attorney's fees and interest. Attorney's fees are "a form of relief, not an independent cause of action." *Curtis v. Cerner Corp.*, 621 B.R. 141, 180 (S.D. Tex. 2020) (quoting *Emerald City Mgmt., LLC v. Kahn*, No. 4:14-CV-358, 2016 WL 98751, at *26 (E.D. Tex. Jan. 8, 2016)); *see also Redd v. Lambert*, 674 F.2d 1032, 1035 (5th Cir. 1982) ("A request for attorney's fees, however, raises issues which are collateral to the main cause of action." (citation omitted)). As such, the Court dismisses Plaintiff's seventh cause of action, which only seeks relief. This ruling "does not preclude the possibility of recovery of attorney's fees at trial. It merely precludes the

7

recovery of attorney's fees as a standalone action." *Curtis*, 621 B.R. at 180 (citation omitted); *see also Mascot Bldg. Servs. Inc. v. Iowa Concrete LLC*, No. 3:22-CV-01755-M, 2022 WL 17566357, at *3 (N.D. Tex. Dec. 9, 2022) (dismissing a claim for recovery of attorney's fees as an independent cause of action but permitting the plaintiff to seek fees "in connection with a claim where the law allows for such recovery").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants 7-Eleven, Inc., Joseph M. DePinto, David Seltzer, and Stanley Reynolds's Motion to Dismiss the Complaint [ECF No. 11]. The Court **GRANTS** the Motion only as to Count 7 of the Complaint, which seeks interest and attorney's fees. Otherwise, the Court **DENIES** the Motion in all respects. The Court **LIFTS** the stay on discovery imposed by its prior Order [ECF No. 22].

**SO ORDERED.**

SIGNED March 27, 2026.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE

8